UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY ERHART,      )  |   |
|     *Plaintiff*,      ) | |
|                                                                                   ) | |
|     *vs*.      ) | 1:11-cv-0301-JMS-MJD |
|                                                                                   ) | |
| UNITED OF OMAHA LIFE INSURANCE      ) | |
| COMPANY,      ) | |
|     *Defendant*.      ) | |

**<u>ORDER</u>**

    Defendant United of Omaha Life Insurance Company recently removed this action, originally filed by Plaintiff Nancy Erhart in Wayne Superior Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  [Dkt. 1.]  Accordingly, the Court has an independent obligation to ensure that there is diversity among the parties.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  Having reviewed the docket, the Court cannot assure itself that it can exercise diversity jurisdiction over this matter.

    Ms. Erhart alleges in her state-court complaint that United of Omaha Life Insurance Company "do[es] business in Wayne County, Indiana."  [Dkt. 1-3 at 1.]  In its notice of removal, Defendant further alleges that United of Omaha Life Insurance Company is a corporation "with its principal place of business located in Nebraska."  [Dkt. 1 at 2.]  Corporations have dual citizenship: they are the citizens of their state of incorporation and of their principle place of business.  28 U.S.C. 1332(c).  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (U.S. 2010) (holding that a corporation's principal place of business for purposes of federal diversity jurisdiction is determined by locating the company's "nerve center," which is typically found at the headquarters).  Merely alleging United of Omaha Life Insurance Company's principal place

of business is in Nebraska is not enough— United of Omaha Life Insurance Company must also allege its state of incorporation.

Additionally, United of Omaha Life Insurance Company alleges that the amount in controversy exceeds $75,000.  [Dkt. 1 at 2.]  In her state-court complaint, Ms. Erhart alleges that she suffered "financial losses" due to United of Omaha Life Insurance Company's refusal to pay her disability benefits.  [Dkt. 1-3 at 2.]  Ms. Erhart does now, however, detail the extent of these losses; therefore, it is unclear how United of Omaha Life Insurance Company concluded that more than $75,000, exclusive of interest and costs, is at issue in this case.

The parties are therefore **ORDERED** to file a joint jurisdictional statement within **seven days**, properly setting forth the citizenship of United of Omaha Life Insurance Company and confirming that more than $75,000, exclusive of interest and costs, is at issue in this case.  To the extent that the parties cannot agree, each must file an independent jurisdictional statement setting forth their respective positions regarding the citizenship of both parties and the amount in controversy.

03/01/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert B. Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com