UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY ERHART, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 1:11-cv-00301-JMS-MJD |
| | ) |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Comes now Defendant, United of Omaha Life Insurance Company ("Omaha"), by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. The Plaintiff, Nancy Erhart, is a citizen of the State of Indiana and a resident of Henry County, Indiana.

**ANSWER:** Omaha admits the allegations of rhetorical paragraph 1.

2. United of Omaha Life Insurance Company is an insurance company doing business in Wayne County, Indiana.

**ANSWER:** Omaha admits the allegations of rhetorical paragraph 2.

3. At all times material hereto, Nancy Erhart was insured under a long term disability policy issued by United of Omaha Life Insurance Company. The long term disability policy is attached as Plaintiff's Exhibit A.

**ANSWER:** Omaha admits that it issued Group Policy No. GLTD-672C to the City of Richmond, effective July 1, 2005 ("Policy"). Upon information and belief, Omaha admits that Nancy Erhart was an insured under the Policy. A copy of the Long-Term Disability Benefits provisions was attached as Plaintiff's Exhibit A to the Complaint.

4. Pursuant to the policy, United of Omaha Life Insurance Company promises to pay monthly disability benefits payments in the event Ms. Erhart is unable to work due to an injury or illness.

**ANSWER:** Omaha admits that, pursuant to the Policy, under certain specified circumstances it will pay disability benefits, but denies the remaining allegations of rhetorical paragraph 4.

5. Nancy Erhart was employed by the City of Richmond, County of Wayne, State of Indiana. The long-term disability policy is therefore exempt from the Employee Retirement and Income Security Act of 1974.

**ANSWER:** Upon information and belief, Omaha admits the allegations of rhetorical paragraph 5.

6. Ms. Erhart was forced to leave her job on July 4, 2008, due to symptoms related to Myofacial pain and Depression.

**ANSWER:** In response to rhetorical paragraph 6, Omaha is without sufficient knowledge or information to either admit or deny the allegations.

7. Ms. Erhart applied for long-term disability benefits; however, her application was denied.

**ANSWER:** Omaha admits the allegations of rhetorical paragraph 7.

8. Ms. Erhart continues to be totally disabled and her doctor has repeatedly advised United of Omaha Life Insurance Company that she is unable to work due to her condition.

**ANSWER:** Omaha denies the allegations of rhetorical paragraph 8.

9. Despite this information from her treating doctor, United of Omaha Life Insurance Company refuses to instate Ms. Erhart's disability benefits.

**ANSWER:** Omaha admits that it has denied Ms. Erhart's request for Long-Term Disability benefits and affirmed its denial on appeal, but is without sufficient knowledge or information to either admit or deny the remaining allegations of rhetorical paragraph 9.

10. Ms. Erhart has complied with all the applicable provisions of the long-term disability policy.

**ANSWER:** Omaha denies the allegations of rhetorical paragraph 10.

11. United of Omaha Life Insurance Company has breached the provisions of the long-term disability policy by refusing to pay Ms. Erhart's disability benefits.

**ANSWER:** Omaha denies the allegations of rhetorical paragraph 11.

12. Ms. Erhart has suffered emotion distress, financial losses and other losses due to United of Omaha Life Insurance Company's refusal to pay her disability benefits.

**ANSWER:** In response to rhetorical paragraph 12, Omaha is without sufficient knowledge or information to either admit or deny the allegations.

13. United of Omaha Life Insurance Company's actions have violated the covenant of good faith and fair dealing in several ways, including but not limited to:

   a. Terminating Ms. Erhart's benefits when liability on the part of the insurance company is clear.
   b. Failing to conduct a proper investigation and review of this claim before terminating Ms. Erhart's benefits.
   c. Compelling the insured to initiate this litigation to recover the amount due her under the terms of the policy.
   d. Ignoring statements of Ms. Erhart's treating physician, who documented that she is unable to work.

**ANSWER:** Omaha denies the allegations of rhetorical paragraph 13, including subparts (a) – (d).

### FIRST AFFIRMATIVE DEFENSE

Comes now Omaha, by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and states that Plaintiff's Complaint includes claims for which no relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Comes now Omaha, by counsel, and states the further affirmative defense of lack of condition precedent to the contractual relief sought by Plaintiff herein. Specifically, the Plaintiff has failed to submit all medical records, including any therapy notes dated subsequent to May 2008.

### THIRD AFFIRMATIVE DEFENSE

Comes now Omaha, by counsel, and states that even should the Court determine that benefits are owed to Ms. Erhart, Omaha's conduct and denial of the claim does not rise to a level of bad faith.

WHEREFORE, United of Omaha Life Insurance Company, by counsel, prays for judgment in its favor as to all of Plaintiff's claims, for a trial by jury as to all issues so triable, and for all other relief proper in the premises.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Comes now Defendant, United of Omaha Life Insurance Company ("Omaha"), by counsel, and for its Counterclaim for Declaratory Judgment, states as follows:

1.   This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed.R.Civ.P. 57 for a determination of a controversy between Ms. Erhart and Omaha arising out of Group Policy No. GLTD-672C issued by Omaha to the City of Richmond, effective July 1, 2005 ("Policy"). Upon information and belief, Ms. Erhart was an insured under the Policy. A

true and accurate copy of the Policy is attached hereto as EXHIBIT A and incorporated herein by reference.

2. Counterclaim Defendant, Nancy Erhart ("Ms. Erhart"), is a resident of the State of Indiana.

3. Counterclaim Plaintiff, Omaha, is an insurance company, incorporated under the laws of the State of Nebraska, with is principal place of business in Omaha, Nebraska.

4. Omaha seeks a declaration that it does not owe Long-Term Disability benefits to Ms. Erhart under the Policy.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over Ms. Erhart who is an Indiana resident and citizen of Indiana.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

8. The Policy provides that:

**Disability and Disabled** means that because of an Injury or Sickness, a significant change in Your mental or physical function capacity has occurred in which You are:

(a) prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
(b) unable to generate Current Earnings which exceed 80% of Your Basic Monthly Earnings due to that same Injury or Sickness.

Disability is determined relative to Your ability or inability to work.  It is not determined by the availability of a suitable position with Your employer.

*See* EXHIBIT A.

9. Ms. Erhart has alleged that she was forced to leave her job as a Lab Technician on July 4, 2008, due to symptoms related to Myofacial pain and Depression.

10. On June 10, 2009, Omaha, by letter, denied Ms. Erhart's application for Long-Term Disability benefits because the documentation submitted by Ms. Erhart did not support a functional change that prevented her from performing the Material Duties of her occupation as of the initial date of disability. A true and accurate copy of Omaha's June 10, 2009 letter is attached hereto as EXHIBIT B and incorporated herein by reference.

11. On or about December 8, 2009, Ms. Erhart appealed Omaha's denial of her claim. A true and accurate copy of Ms. Erhart's December 8, 2009 letter is attached hereto as EXHIBIT C and incorporated herein by reference.

12. On April 26, 2010, Omaha, by letter, determined that the denial of Ms. Erhart's claim was appropriate and upheld the denial of the claim and stated that no benefits were payable under the Policy. A true and accurate copy of Omaha's April 26, 2010 letter is attached hereto as EXHIBIT D and incorporated herein by reference.

13. Ms. Erhart has failed to provide evidence that she is entitled to any Long-Term Disability benefits under the Policy.

14. Ms. Erhart's claim for Long-Term Disability benefits are not covered under the Policy.

WHEREFORE, United of Omaha Life Insurance Company, by counsel, prays for judgment in its favor in the form of a declaration that it owes no benefits for the claims made by Ms. Erhart under the Policy, and for all other relief proper in the premises.

      Respectfully submitted,

      /s/ Curtis T. Jones
      Robert B. Clemens, Attorney No. 4046-71
      Curtis T. Jones, Attorney No. 24967-64

      BOSE MCKINNEY & EVANS LLP
      111 Monument Circle, Suite 2700
      Indianapolis, IN  46204
      (317) 684-5000
      (317) 684-5173 fax
      cjones@boselaw.com

      Attorneys for Defendant United of Omaha Life Insurance Company

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing "Answer, Affirmative Defenses and Counterclaim" has been served upon the following counsel of record by first class, United States mail, postage prepaid, this 1st day of April, 2011:

      Melissa A. Davidson
      Charles D. Hankey Law Office
      434 E. New York Street
      Indianapolis, IN  46202
      mad@hankeylaw.com

      /s/ Curtis T. Jones
      Curtis T. Jones

1872572_1:15324-7