**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NANCY ERHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:11-cv-00301-JMS-MJD |
| ) | |
| UNITED OF OMAHA LIFE ) | |
| INSURNACE COMPANY, ) | |
| ) | |
| Defendant, ) | |
| * * * * * * * * * * * * * * * * * * * ) | |
| UNITED OF OMAHA LIFE ) | |
| INSURNACE COMPANY, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| NANCY ERHART, ) | |
| ) | |
| Counterclaim Defendant. ) | |

**ANSWER TO COUNTERCLAIM FOR DECLARATORY JUDGMENT &**
**AFFIRMATIVE DEFENSES**

Comes now Plaintiff/Counterclaim Defendant, Nancy Erhart, by counsel, and hereby answers the Counterclaim filed by United of Omaha Life Insurance Company states as follows:

1. This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed.R.Civ.P. 57 for a determination of a controversy between Ms. Erhart and Omaha arising out of Group Policy No. GLTD-672C issued by Omaha to the City of Richmond, effective July 1, 2005 ("Policy"). Upon information and belief, Ms. Erhart was an insured under the Policy. A true and accurate copy of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

   ANSWER: Plaintiff/Counterclaim Defendant admits the allegations of paragraph 1.

2. Counterclaim Defendant, Nancy Erhart ("Ms. Erhart"), is a resident of the State of Indiana.

   ANSWER:  Plaintiff/Counterclaim Defendant admits the allegations of paragraph 2.

3. Counterclaim Plaintiff, Omaha, is an insurance company, incorporated under the laws of the State of Nebraska, with is principal place of business in Omaha, Nebraska.

   ANSWER:  Plaintiff/Counterclaim Defendant admits the allegations of paragraph 3.

4. Omaha seeks a declaration that it does not owe Long-Term Disability benefits to Ms. Erhart under the Policy.

   ANSWER:  Plaintiff/Counterclaim Defendant does not have enough information to admit or deny the allegations of paragraph 4.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds $75,000.00.

   ANSWER:  Plaintiff/Counterclaim Defendant admits the allegations of paragraph 5.

6. This Court has personal jurisdiction over Ms. Erhart who is an Indiana resident and citizen of Indiana.

   ANSWER:  Plaintiff/Counterclaim Defendant admits the allegations of paragraph 6.

7. Venue is this district pursuant to 28 U.S.C. § 1391(a).

   ANSWER:  Plaintiff/Counterclaim Defendant admits the allegations of paragraph 7.

8. The Policy provides that:

   **Disability and Disabled** means that because of an Injury or Sickness, a significant change in Your mental or physical function capacity has occurred in which You are:
   (a) prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and

    (b) unable to generate Current Earnings which exceed 80% of Your Basic Monthly Earnings due to that same Injury or Sickness.
    Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with Your employer.

*See* Exhibit A.

  ANSWER: Plaintiff/Counterclaim Defendant admits the allegations of paragraph 8.

9. Ms. Erhart has alleged that she was forced to leave her job as a Lab Technician on July 4, 2008, due to symptoms related to Myofacial pain and Depression.

  ANSWER: Plaintiff/Counterclaim Defendant admits that she was forced to leave her job on or about July 4, 2008. However, it was due to multiple medical problems.

10. On June 10, 2009, Omaha, by letter, denied Ms. Erhart's application for Long-Term Disability benefits because the documentation submitted by Ms. Erhart did not support a functional change that prevented her from performing the Material Duties of her occupation as of the initial date of disability. A true and accurate copy of Omaha's June 10, 2009 letter is attached hereto as Exhibit B and incorporated herein by reference.

  ANSWER: Plaintiff/Counterclaim Defendant admits the allegations of paragraph 10.

11. On or about December 8, 2009, Ms. Erhart appealed Omaha's denial of her claim. A true and accurate copy of Ms. Erhart's December 8, 2009 letter is attached hereto as Exhibit C and incorporated herein by reference.

  ANSWER: Plaintiff/Counterclaim Defendant admits the allegations of paragraph 11.

12. On April 26, 2010, Omaha, by letter, determined that the denial of Ms. Erhart's claim was appropriate and upheld the denial of the claim and stated that no benefits were payable under the Policy. A true and accurate copy of Omaha's April 26, 2010 letter is attached hereto as Exhibit D and incorporated herein by reference.

  ANSWER: Plaintiff/Counterclaim Defendant admits the allegations of paragraph 12.

13. Ms. Erhart has failed to provide evidence that she is entitled to an Long-Term Disability benefits under the Policy.

   ANSWER:  Plaintiff/Counterclaim Defendant denies the allegations of paragraph 13.

14. Ms. Erhart's claim for Long-Term Disability benefits are not covered under the Policy.

   ANSWER:  Plaintiff/Counterclaim Defendant denies the allegations of paragraph 14.

      Respectfully submitted,

      _/s/  Melissa A. Davidson
      Melissa A. Davidson
      CHARLES D. HANKEY LAW OFFICE, PC
      434 E. New York Street
      Indianapolis, IN  46202
      Phone:  317-638-1661
      mdavidson@hankeylaw.com

## ADDITIONAL DEFENSES

COMES NOW Plaintiff/Counterclaim Defendant, by counsel, and for Additional Defenses to Defendant/Counterclaimant's Complaint, states as follows:

1. Any allegation not specifically admitted, controverted, or denied previously in this answer is hereby denied.

2. Defendant/Counterclaimant's Complaint fails to state a claim upon which relief can be granted.

3. Defendant/Counterclaimant's conduct caused and/or contributed to any damages it may claim herein and any award of damages should be reduced as a result of Defendant/Counterclaimant's contributory conduct.

4. Defendant/Counterclaimant has failed to mitigate its damages that it is claiming herein.

5. Plaintiff/Counterclaim Defendant hereby asserts each and every provision of the applicable insurance policy that is or can be construed as an affirmative defense.

6. That the statute of limitations bars any and all recovery under the causes of actions asserted in the Counterclaim.

7. Plaintiff/Counterclaim Defendant reserves his right to amend his Answer to Counterclaim and Additional Defenses as discovery and investigation continue.

WHEREFORE, Plaintiff/Counterclaim Defendant, by counsel, respectfully prays that Defendant/Counterclaimant take nothing by its Complaint and for all other just and proper relief.

Respectfully submitted,

   /s/  Melissa A. Davidson
Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
434 E. New York Street
Indianapolis, IN  46202
Phone:  317-638-1661
mdavidson@hankeylaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2011, a copy of the foregoing Answer to Counterclaim was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Robert B. Clemens
Curtis T. Jones
Bose, McKinney & Evans, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204


                                    /s/  Melissa A. Davidson
                                  Melissa A. Davidson
                                  Attorney for Plaintiff/Counter Defendant