UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY ERHART, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 1:11-cv-00301-JMS-MJD |
| | ) |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| NANCY ERHART, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO EXCLUDE CERTAIN WITNESSES AND EXHIBITS**

Comes now Defendant, United of Omaha Life Insurance Company ("United of Omaha"), by counsel, and respectfully submits this Response to Plaintiff's Motion to Exclude Certain Witnesses and Exhibits (Dkt. 93), and states:

1. This Court granted United of Omaha's request to file its Final Witness and Exhibit Lists because United of Omaha represented that no surprise witnesses or exhibits were included on those lists. (Dkt. 89.) However, the Court allowed Ms. Erhart the opportunity to file a motion within 14 days to make any specific objections if she disagreed with United of Omaha's representation.

2. Ms. Erhart filed a motion, but does not allege that any witnesses or exhibits listed by United of Omaha were a surprise. Instead, Ms. Erhart seeks to exclude (a) the testimony of a former

employee of United of Omaha who reviewed Ms. Erhart's claim upon appeal, and (b) Ms. Erhart's Social Security file.

3. Nancy Rosenstock was an "employee, agent or other representative of United of Omaha Life Insurance Company whose name appear[ed] in the documents related to this litigation, which relate to the claims by Erhart, only," and, thus, was mentioned in United of Omaha's Initial Disclosures. (Dkt. 94-1.) Mrs. Rosenstock's report that related to her review of Ms. Erhart's appeal of the claim decision was produced in this case. Additionally, Mrs. Rosenstock was listed in United of Omaha's Answers to Interrogatories, Nos. 2-3. (Dkt. 94-2.) Ms. Erhart requested an available date to depose Mrs. Rosenstock, among other United of Omaha employees, earlier this year; therefore, Mrs. Rosenstock was not a "surprise" witness.

4. At that time, undersigned counsel learned that Mrs. Rosenstock had retired from United of Omaha and lived, at that time, in California. Thus, undersigned counsel offered to do what he could to assist in obtaining Mrs. Rosenstock's deposition should one still be needed. (Dkt. 94-3.)

5. On or about February 15-17, 2012, Mrs. Erhart's counsel deposed certain United of Omaha employees. During these depositions, and in response to the e-mail attached to the motion (Dkt. 94-4), undersigned counsel advised Mrs. Erhart's counsel that he did not have Mrs. Rosenstock's contact information, but was willing to assist in setting up an interview or deposition of Mrs. Rosenstock should Mrs. Erhart, or her counsel, still desire to talk with Mrs. Rosenstock. No subsequent request in this regard was made.

6. United of Omaha listed Mrs. Rosenstock on its Final Witness List and provided that "[c]ontact information may be obtained from undersigned counsel." (Dkt. 91.) United of Omaha is undecided as to whether Mrs. Rosenstock's testimony will be needed at trial. Nonetheless, undersigned counsel will seek Mrs. Rosenstock's current contact information and provide that to Mrs. Erhart's counsel. Should this matter continue beyond the November 29, 2012 Settlement

Conference, then undersigned counsel will continue to offer his assistance in scheduling an interview or deposition of Mrs. Rosenstock.

7.   Ms. Erhart next requests that her Social Security file be stricken from United of Omaha's Final Witness List.  Again, Ms. Erhart does not allege that these materials are a "surprise." In fact, Mrs. Erhart listed these same materials in her Final Exhibit List.  (Dkt. 73, "Plaintiff's Social Security Disability claim file.")

8.   United of Omaha is as anxious as Ms. Erhart to receive the documents from this non-party request and will send a courtesy copy to Ms. Erhart upon receipt.

9.   For all these reasons, United of Omaha respectfully requests that this Court deny Plaintiff's Motion to Exclude Certain Witnesses and Exhibits.

        Respectfully submitted,

        /s/ *Curtis T. Jones*
        Curtis T. Jones, Attorney No. 24967-64
        Robert B. Clemens, Attorney No. 4046-71

        BOSE MCKINNEY & EVANS LLP
        111 Monument Circle, Suite 2700
        Indianapolis, IN  46204
        (317) 684-5000
        (317) 684-5173 fax
        cjones@boselaw.com
        rclemens@boselaw.com

        Attorneys for Defendant United of Omaha Life Insurance Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 5, 2012, a copy of the foregoing document was served on the following counsel via the Court's electronic filing service:

>Melissa A. Davidson
>Charles D. Hankey Law Office
>434 E. New York Street
>Indianapolis, IN  46202
>mad@hankeylaw.com

>/s/ *Curtis T. Jones*_____
>Curtis T. Jones

2246364_1/15324-0007